IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                              CR No. 19-4183 KG

v.

JEFFERY ALLEN MARSHALL,

    Defendant.

### ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on Defendant Jeffery Allen Marshall's *Motion for Reconsideration of Detention Order* (the "Motion"), (Doc. 60), filed May 28, 2020; and the United States' *Response to Defendant's Motion for Reconsideration of Detention Order* (the "Response"), (Doc. 63), filed June 4, 2020. In his Motion, Mr. Marshall explains he "is fearful of attempting to access medical care at the prison for fear of exposure to [COVID-19]." (Doc. 60 at 1). Mr. Marshall therefore requests he be released from the Otero County prison facility and be placed on conditions of release. *Id.* at 1-2. In response, the United States avers Mr. Marshall previously violated his conditions of release, is a flight risk, and poses a danger to his community. (Doc. 63 at 2). Furthermore, the United States argues Mr. Marshall has not satisfied his burden of asserting a "compelling reason" to be released from custody. *Id.* at 4.

      Pursuant to 18 U.S.C. § 3142(i), the defendant bears the burden of establishing "release to be necessary for preparation of the person's defense or for another compelling reason." *See also United States v.* Reese, 2012 WL 13080791, at *2 (D.N.M. April 2, 2012). Courts have recognized that an individual with existing medical conditions during the COVID-19 pandemic may present a "compelling reason" for temporary release. *See United States v. Clark*, 2020 WL 1446895, at *2-3 (D. Kan. March 25, 2020). However, the defendant's medical condition must be balanced against the factors set forth in § 1342(i), to determine if

the risk to the defendant's health amounts to a "compelling reason" for temporary release from custody. *United States v. Creek*, 2020 WL 2097692, at *3 (D. Md. May 1, 2020). In weighing the defendant's request for release, a court may consider: (1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to [] other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *Clark*, 2020 WL 1446895, at *3 (citing § 3142(i)).

Here, Mr. Marshall is in custody because he failed to previously abide by the same conditions of release he now requests. (Doc. 37); (Doc. 38). In addition, Mr. Marshall has failed to articulate the medical condition which subjects him to an increased risk due to COVID-19. (Doc. 60 at 1); *see Clark*, 2020 WL 1446895, at *3 (explaining "a defendant should not be entitled to temporary release [] based solely on generalized COVID-19 fears and speculation."). Moreover, Mr. Marshall has failed to show that he cannot safely receive the necessary treatment while in the Otero County prison facility.

The Court is mindful of the risk of exposure and serious health consequences associated with the COVID-19 pandemic. However, in balancing Mr. Marshall's "fear of exposure to infection," against the grounds for his original detention and the factors delineated in § 1342(i), the Court finds Mr. Marshall has failed to establish a compelling reason for temporary release. **IT IS THEREFORE ORDERED** that Mr. Marshall's *Motion for Reconsideration of Detention Order*, (Doc. 60), is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE